OPINION
{¶ 1} Appellant, Angelo J. Foti, appeals from a judgment of the Lake County Court of Common Pleas, denying his pro se motion for leave to file a motion for new trial, pursuant to Crim. R. 33(B). For the following reasons, we affirm the trial court's decision.
 {¶ 2} Foti was indicted on September 8, 2000, on two counts of corrupting another with drugs and two counts of receiving stolen property. The matter proceeded *Page 2 
to jury trial in November 2000. On November 20, 2000, the jury found Foti guilty on both counts of corrupting another with drugs and made a special finding as to both counts that the controlled substance was crack cocaine. Additionally, the jury found Foti guilty on both counts of receiving stolen property.
 {¶ 3} Foti received a prison term aggregating 16 years from the Lake County Common Pleas Court on January 11, 2001. The trial court sentenced Foti to eight years of imprisonment on each of the corruption charges, to be served consecutively, and one year of imprisonment on each of the receiving stolen property charges, to be served concurrently with the other charges. This court affirmed the judgment of the trial court inState v. Foti, 11th Dist. No. 2001-L-020, 2003-Ohio-796, at ¶ 75.
 {¶ 4} Thereafter, Foti filed requests to hear his case in both the Supreme Court of Ohio and the United States Supreme Court. The Supreme Court of Ohio denied Foti's appeal and the United States Supreme Court denied certiorari. See State v. Foti, 104 Ohio St.3d 1427,2004-Ohio-6585. (Appeal denied.) Foti v. Ohio (2005), 544 U.S. 953. (Certiorari denied.)
 {¶ 5} Foti filed a motion to vacate and/or correct sentence in the Lake County Common Pleas Court in May 2006. The trial court denied Foti's motion, construing it as a petition for postconviction relief. This court affirmed the trial court's judgment entry denying Foti's petition for postconviction relief. State v. Foti, 11th Dist. No. 2006-L-138, 2007-Ohio-887, at ¶ 39.
 {¶ 6} On August 15, 2007, pursuant to Crim. R. 33(B), Foti filed a motion for leave to file a motion for a new trial based upon newly discovered evidence. On August *Page 3 
31, 2007, the trial court summarily denied the motion. It is from that judgment that Foti filed a pro se appeal asserting the following sole assignment of error for our review:
 {¶ 7} "The trial court committed a reversable [sic] error in denying appellant's motion for leave to accept for consideration a proposed motion for new trial without conducting an evidentiary hearing in violation of the 14th Amendment to the United States Constitution."
 {¶ 8} Foti argues that the trial court's denial of his motion for leave "resulted in `specific and compelling' or `serious' prejudice because the denial was in part without supporting finding's [sic] based on the newly discovered evidence." We disagree.
 {¶ 9} We recognize that the allowance or denial of a motion for a new trial is within the sound discretion of the trial court and will not be disturbed save an abuse of discretion. State v. Hill (1992),64 Ohio St.3d 313, 333. Further, the decision of whether to hold an evidentiary hearing on a defendant's motion for new trial is within the sound discretion of the trial court. State v. Tomlinson (1997),125 Ohio App.3d 13, 20.
 {¶ 10} Crim. R. 33 governs motions for new trials, and provides, in pertinent part:
 {¶ 11} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 12} "* * *
 {¶ 13} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *
 {¶ 14} "(B) Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was *Page 4 
rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 15} While a party may move for a new trial on the grounds of newly discovered evidence after the 120-day period has elapsed, pursuant to Crim. R. 33(B), a defendant may only do so after proving by clear and convincing evidence that he was unavoidably prevented from discovering such evidence. Under these circumstances, the trial court must first find that the defendant was unavoidably prevented from discovering the evidence and, then, the defendant must file his motion for a new trial within seven days of such order.
 {¶ 16} Although Crim. R. 33 does not set forth any specific time restrictions on when a motion for a new trial may be filed after unavoidable prevention has been found, "case law has adopted a reasonableness standard." State v. Griffith, 11th Dist. No. 2005-T-0038,2006-Ohio-2935, at ¶ 15. As such, the trial court may require a defendant to file a Crim. R. 33 motion within a reasonable time after he discovers the evidence. Id.
 {¶ 17} In August 2007, Foti filed a motion "for leave to file motion for new trial pursuant to Crim. Rule 33(B)" in the trial court. The newly discovered evidence at issue in the instant case was (1) an affidavit of Foti's public defender, Attorney Charles R. Grieshammer, executed on August 28, 2001, and (2) the opinion and journal entry of the trial court dated June 19, 2006, denying Foti's motion to vacate and correct his sentence, deemed as a petition for postconviction relief. *Page 5 
 {¶ 18} In his motion, Foti asserted that he was unavoidably prevented from discovering this evidence within the time frame as set forth in Crim. R. 33. The sole reason for delay brought forth by Foti was that he "lack[ed] the modicum of legal knowledge to identify the error in his case * * *[,] had no knowledge due to illiteracy of the law, and [had] no means of learning of said evidence." However, we do not find this justification advanced by Foti to be persuasive.
 {¶ 19} Foti filed the motion at issue on August 15, 2007, over six years after the affidavit was dated and over one year after the opinion of the trial court was filed. Foti's "asserted ignorance of the law and of legal procedure is not a defense since all persons are conclusively presumed to know the law." State v. Marshall (Sept. 6, 2000), 5th Dist. No. 00CA26, 2000 Ohio App. LEXIS 4118, at *6. (Citation omitted.) "Courts have long held that lack of effort, imagination, or ignorance of the law does not excuse procedural inadequacies, such as the failure to file a motion in a timely manner." State v. Elersic, 11th Dist. No. 2007-L-104, 2008-Ohio-2121, at ¶ 32. (Citations omitted.) Therefore, ignorance of the law does not provide Foti with an adequate explanation for not filing his motion for leave within a reasonable time and, as such, the trial court certainly was within its discretion in overruling his motion for a new trial.
 {¶ 20} Foti further maintains that the August 28, 2001 affidavit of Attorney Grieshammer "sets forth a prima facie case of ineffective assistance of counsel." However, a claim of ineffective assistance of counsel could have been raised on direct appeal or in Foti's petition for postconviction relief and, as a result, is barred by the doctrine of res judicata. *Page 6 
 {¶ 21} "[Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." Brick Processors, Inc. v. Culbertson (1981),2 Ohio App.3d 478, paragraph one of the syllabus. As stated by the Supreme Court of Ohio in State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus:
 {¶ 22} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that wasraised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis in original.)
 {¶ 23} Although the trial court did not provide an explanation for denying Foti's motion, it is apparent that he did not file his motion for leave in a reasonable amount of time. Further, as previously stated, we find Foti's explanation for his delay in filing his motion or in discovering the evidence unpersuasive.
 {¶ 24} Based on the foregoing, Foti's sole assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1