[Cite as *State v. Dahlberg*, 2021-Ohio-550.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0030** |
| PATRICK R. DAHLBERG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2019 CR 00610.

Judgment: Affirmed.

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Patrick R. Dahlberg*, pro se, 79 East Jefferson Street, Apt. 4, Jefferson, OH 44047 (Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Patrick R. Dahlberg ("Mr. Dahlberg"), appeals his convictions for improper handling of firearms in a motor vehicle and carrying a concealed weapon, following a traffic stop in which marijuana and marijuana paraphernalia were also seized.

{¶2} Mr. Dahlberg, proceeding pro se, assigns six assignments of error for our review. Specifically he contends that: (1) he was denied the effective assistance of counsel because he was not afforded a preliminary hearing and his counsel failed to

timely file motions, including a motion to suppress and a "time waiver"; (2) the trial court lacked jurisdiction since this case should have been tried in the Ashtabula County Court, Western Division ("Western County Court"); (3) the trial court erred in overruling defense counsel's motion for acquittal regarding the culpability of the charges because he was unaware that a "loaded firearm" meant the magazine of the firearm is loaded and not just a bullet in the chamber of the firearm; (4) the trial court erred in overruling defense counsel's motion to dismiss based on speedy trial rights; (5) the trial court committed plain error in admitting unlawfully obtained evidence; and (6) he was subjected to double jeopardy because the court referenced the marijuana traffic citation that arose out of the incident and was resolved in the Western County Court and his community control sanctions included a prohibition from drug use as well as a substance abuse evaluation and possible treatment.

{¶3} A review of the record and pertinent law reveals Mr. Dahlberg's assignments of error are without merit.

{¶4} The Ashtabula County Court of Common Pleas has jurisdiction over all criminal offenses with the exception of "minor offenses." This includes the two fourth degree felonies for which Mr. Dahlberg was charged. Next, there was sufficient evidence from the testimonies of Mr. Dahlberg and the trooper who initiated the traffic stop that Mr. Dahlberg knew and intended to have a loaded firearm in his backpack within arm's reach on the passenger seat of his vehicle.

{¶5} We cannot say the trial court erred in finding either Mr. Dahlberg's motion to suppress or motion to dismiss untimely since he filed them four days before trial. Hiring new counsel shortly before trial did not excuse Mr. Dahlberg from knowledge of the facts and circumstances surrounding his case that existed well before the trial court's pretrial

2

motion filing deadline. Moreover, we find that the trial court fully considered Mr. Dahlberg's arguments, allowing him to argue the merits of his motion to suppress during trial.

{¶6} Mr. Dahlberg was neither arrested nor served with a summons on the charges originally filed in the county court. Since the charges were dismissed without him having been served, the speedy trial clock never started.

{¶7} Mr. Dahlberg was not subjected to double jeopardy for the marijuana possession and paraphernalia citation that was heard and disposed of in the Western County Court simply because the trial court included a prohibition on drug and alcohol use and ordered a substance abuse evaluation and possible treatment. The trial court is free to fashion any sanction under community control that is related to the crime, promote rehabilitation of the offender, and/or prevent future crime.

{¶8} Lastly, because we do not find merit in any of the issues Mr. Dahlberg raised under the previous assignments of error, we likewise find his claim of ineffective assistance of counsel based on these claimed errors also to be without merit.

{¶9} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶10} Following a traffic stop on June 9, 2018, an Ashtabula County Grand Jury indicted Mr. Dahlberg on improperly handling firearms in a motor vehicle, a fourth-degree felony, in violation of R.C. 2923.16(B)(I), and carrying concealed weapons, a fourth-degree felony, in violation of R.C. 2923.12(A)(2) and (F)(1). He was indicted on October 9, 2019. Minor misdemeanor drug abuse and drug paraphernalia citations that were issued as a result of the traffic stop were disposed of by way of a guilty plea in the Western County Court on June 21, 2018. Charges for improperly handling firearms in a motor

3

vehicle, one felony and one misdemeanor, were filed in the county court, but those charges were dismissed for failure to prosecute on September 14, 2018, without having been served on Mr. Dahlberg.

***Pretrial Practice***

{¶11} At his arraignment, Mr. Dahlberg declined to execute a speedy trial waiver. Several months later, Mr. Dahlberg's appointed counsel withdrew, and he elected to proceed pro se.

{¶12} In November of 2019, the trial court issued a judgment entry setting forth the trial schedule and addressing pretrial issues, including an admonition that "[p]retrial motions shall be filed with due regard for the Criminal Rules and no later than December 16, 2019."

{¶13} Mr. Dahlberg obtained new counsel on January 8, 2020, approximately one month before trial. The court issued a judgment entry following a pretrial hearing held on January 15, 2020, noting that Mr. Dahlberg rejected the state's plea deal and alerting the parties that Mr. Dahlberg did not execute a time waiver. The judgment entry further noted that any issues regarding the calculation of speedy trial time or scheduling dates set in the criminal case shall be immediately brought to the court's attention.

{¶14} A plea deadline hearing was held on February 3, 2020. In a subsequent judgment entry, the court again noted the speedy trial issue and that Mr. Dahlberg rejected the state's plea deal.

{¶15} Four days before trial, defense counsel, without seeking leave, filed a motion to suppress all evidence resulting from the traffic stop and a motion to dismiss because the state did not commence trial within the statutory time period provided by R.C. 2945.71(C)(2). Specifically, Mr. Dahlberg argued that charges had been originally

4

filed in the Western County Court on June 26, 2018, and then dismissed. As previously noted, the indictment in the instant case was filed on October 9, 2019. There were previous charges for improperly handling firearms in a motor vehicle, one felony and one misdemeanor, filed in the county court, but those charges were dismissed for failure to prosecute on September 14, 2018, without having been served on Mr. Dahlberg.

{¶16} The trial court denied both February 7, 2020 motions as untimely, noting that the court had ordered both parties to file all pretrial motions not later than December 16, 2019, and trial was scheduled for February 11.

### Jury Trial

{¶17} A one-day jury trial was held on February 11, 2020.

{¶18} The state presented testimony from the Ohio State Highway Patrol trooper who initiated the traffic stop, Trooper Andrew Nye ("Trooper Nye"). Trooper Nye observed Mr. Dahlberg traveling southbound on Route 45 in Austinburg Township. He noticed there was no license plate on the vehicle and there was a large crack in the windshield. As Mr. Dahlberg passed him, he realized Mr. Dahlberg was leaning forward without a seatbelt.

{¶19} When Trooper Nye approached the driver's side of Mr. Dahlberg's vehicle, he detected the "odor of raw marijuana from the vehicle." He asked Mr. Dahlberg why he was not wearing a seatbelt, and based on the marijuana odor, ordered him to step out of the vehicle. Before Trooper Nye searched the vehicle, Mr. Dahlberg admitted he was in possession of marijuana. Trooper Nye patted down Mr. Dahlberg and placed him in the rear of the patrol car while he waited for another unit to assist with the search.

{¶20} In a backpack on the front passenger seat, Trooper Nye found marijuana, marijuana paraphernalia, and a firearm, which was a Ruger, LCP Model .380 caliber.

5

Trooper Nye testified that "[t]he magazine was fully loaded and the magazine was in the firearm. A round was not in the chamber. So to define loaded, the magazine was loaded. The weapon itself was not chambered." Trooper Nye ran a "LEADS" (Law Enforcement Agencies Data System) check, which did not indicate that Mr. Dahlberg had a concealed carry permit. In addition, Mr. Dahlberg informed the trooper that he did not have a permit.

{¶21} The dash cam video of the traffic stop was then played for the jury over the objection of counsel. On cross examination, Trooper Nye testified that Mr. Dahlberg affirmed that he knew the firearm was in his back pack and that he did not know it was illegal. Trooper Nye cited Mr. Dahlberg for a seatbelt violation, marijuana possession, and marijuana paraphernalia possession. (Those citations were later disposed of by way of a guilty plea in the Western County Court.)

{¶22} Trooper Nye returned Mr. Dahlberg to his vehicle after issuing the citations at the Ohio State Highway Patrol post. Subsequently, a fire test was also conducted by the Ohio State Highway Patrol on the firearm, which found it operable.

{¶23} At this point in the testimony, the trial court interjected with a cautioning instruction to the jury that they heard about the cracked windshield, no license plate, and marijuana/paraphernalia citations but that the jury's sole concern was the two count indictment.

{¶24} After the state rested, the court noted for the record that defense counsel filed an untimely motion to dismiss and motion to suppress. Having heard all of the testimony and reviewed the dash cam video, the court stated that if the motion to suppress had been timely, it would have been overruled based upon the testimony and exhibits that were admitted.

6

{¶25} Defense counsel then made a Crim.R. 29 motion for acquittal based on insufficient evidence of culpability. The court overruled the motion, finding there was sufficient evidence of culpability by way of Trooper Nye's testimony that Mr. Dahlberg knew he was in possession of the firearm. The court stated that simply because Mr. Dahlberg did not know it was illegal was not a defense.

{¶26} Mr. Dahlberg testified in his own defense, explaining that the firearm was in his possession because he liked to take it with him when he went mountain biking. He said he was trained in the use of the firearm by "friends in the military," and he purchased it at least a year before. Mr. Dahlberg testified that it was his understanding that "loaded meant chamber. [He] had no idea that having a loaded magazine meant the gun was loaded."

{¶27} On cross examination, Mr. Dahlberg admitted that: he knew there was a gun in the bookbag; the gun had bullets in the magazine; and he did not have and never had a concealed carry permit.

{¶28} The jury found Mr. Dahlberg guilty on both counts.

### Sentencing

{¶29} For sentencing purposes, the court found that count two, carrying concealed weapons, merged with count one, improper handling of firearms in a motor vehicle, and imposed a five-year term of intensive community control on count one.

{¶30} Mr. Dahlberg raises six assignments of error for our review:

{¶31} "[1.] The trial court erred in denying the defendant his Sixth Amendment right to effective assistance of counsel.

{¶32} "[2.] The trial court lacked jurisdiction.

7

{¶33} "[3.] The third court erred in overruling defense counsel's motion for acquittal regarding the culpability requirement for the charges.

{¶34} "[4.] The trial court erred in overruling defense counsel's motion to dismiss that was based on speedy trial rights.

{¶35} "[5.] The trial court committed plain error in admitting unlawfully obtained evidence.

{¶36} "[6.] The trial court committed plain error in subjecting the defendant to double jeopardy."

{¶37} For the sake of cohesiveness and brevity, we will address Mr. Dahlberg's assignments out of turn.

**Jurisdiction of the Trial Court**

{¶38} In his second assignment of error, Mr. Dahlberg contends that the trial court lacked jurisdiction to hear his case and that it should have been tried in the Western County Court.

{¶39} As the Supreme Court of Ohio explained in *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70 (1998):

{¶40} "Subject matter jurisdiction is a court's power to hear and decide a case on the merits. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, * * * paragraph one of the syllabus. 'Jurisdiction does not relate to the *rights of the parties*, but to the *power of the court*.' (Emphasis sic.) *Executors of Long's Estate v. State* (1926), 21 Ohio App. 412, 415 * * *.

{¶41} "A jurisdictional defect cannot be waived. *Painesville v. Lake Cty. Budget Comm.* (1978), 56 Ohio St.2d 282 * * *. This means that the lack of jurisdiction can be raised at any time, even for the first time on appeal. See *In re Byard* (1996), 74 Ohio

8

St.3d 294, 296 * * *. This is because jurisdiction is a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void. *Patton v. Diemer* (1988), 35 Ohio St.3d 68 * * *." *Id.* at 75.

{¶42} Pursuant to R.C. 2931.03, the jurisdiction of the court of common pleas, "[t]he court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."

{¶43} As to the jurisdiction of the Western County Court, pursuant to R.C. 1907.02(A)(1): "[i]n addition to other jurisdiction granted a county court in the Revised Code, a county court has jurisdiction of all misdemeanor cases. A county court has jurisdiction to conduct preliminary hearings in felony cases, to bind over alleged felons to the court of common pleas, and to take other action in felony cases as authorized by Criminal Rule 5."

{¶44} Mr. Dahlberg was indicted by the grand jury on two-fourth degree felonies, i.e., improper handling of firearms in a motor vehicle and carrying concealed weapons. Courts of common pleas have original jurisdiction of all crimes, including fourth-degree felonies, which cannot be considered "minor offenses."

{¶45} As the Second District explained in *State ex rel. Harwell v. Wiseman*, 2015-Ohio-4718, 49 N.E.3d 796 (2d Dist.):

{¶46} "'Ohio's common pleas courts are endowed with "original jurisdiction over all justiciable matters * * * as may be provided by law." Article IV, Section 4(B), Ohio Constitution. [*Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275,] at ¶ 20. They are provided such jurisdiction by R.C. 2931.03, which provides "original jurisdiction over crimes and offenses committed by an adult, with certain exceptions irrelevant here."'

9

*Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 13. 'Where it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in proceeding is only error in the "exercise of jurisdiction," as distinguished from the want of jurisdiction in the first instance.' *Jimison v. Wilson*, 106 Ohio St.3d 342, 2005-Ohio-5143, 835 N.E.2d 34, ¶ 11 (internal quotation and citations omitted)." *Id.* at ¶ 16.

{¶47} Mr. Dahlberg's second assignment of error is without merit.

### Crim.R. 29 Motion for Acquittal

{¶48} In his third assignment of error, Mr. Dahlberg contends the trial court erred in overruling defense counsel's motion for acquittal regarding the culpability requirement for the charges.

{¶49} "'"[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Id.*

{¶50} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶51} Mr. Dahlberg was convicted of improperly handling firearms in a motor vehicle, a fourth-degree felony, in violation of R.C. 2923.16(B)(I), and carrying concealed weapons, a fourth-degree felony, in violation of R.C. 2923.12(A)(2) and (F)(1).

{¶52} R.C. 2923.16(B)(I), improperly handling firearms in a motor vehicle, provides that "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle," with the manner being "[i]n a closed package, box, or case."

{¶53} R.C. 2923.12(A)(2) and (F)(1), carrying concealed weapons, provides that "no person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:" "[a] deadly weapon other than handgun is guilty of carrying concealed weapons."

{¶54} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." R.C. 2901.22(B).

{¶55} As our review of the facts indicate, both Trooper Nye and Mr. Dahlberg testified that Mr. Dahlberg admitted he was intentionally carrying a loaded firearm in his backpack, which was within arm's reach on the front passenger seat. His mistaken belief that a "loaded" firearm meant the firearm must have a loaded chamber rather than a loaded magazine is of no consequence. "'[A]sserted ignorance of the law and of legal procedure is not a defense since all persons are conclusively presumed to know the law.'"

11

*State v. Foti*, 11th Dist. Lake No. 2007-L-152, 2008-Ohio-4767, ¶ 19, quoting *State v. Marshall*, 5th Dist. Richland No. 00CA26, 2000 WL 1289402, *2 (Sept. 6, 2000).

{¶56} Mr. Dahlberg's third assignment of error is without merit.

**Unlawfully Admitted Evidence**

{¶57} In his fifth assignment of error, Mr. Dahlberg contends the trial court committed plain error in admitting unlawfully obtained evidence because the traffic stop was illegal. We construe this argument as one claiming the trial court erred in overruling Mr. Dahlberg's motion to suppress due to an illegal stop as untimely since the failure to timely move for the suppression of evidence on the basis of its illegal obtainment constitutes waiver of the error.

{¶58} A motion to suppress must be filed within 35 days of arraignment or seven days before trial, whichever is earlier. Crim.R. 12(B) and (C); *State v. Stamper*, 102 Ohio App.3d 431, 440 (11th Dist.1995). Failure to move within the time specified in Crim.R. 12(C) for the suppression of evidence on the basis of its illegal obtainment constitutes waiver of the error. *State v. Wade*, 53 Ohio St.2d 182 (1978), paragraph three of the syllabus.

{¶59} A failure to timely file a motion to suppress evidence amounts to a waiver of any such issues for purposes of trial pursuant to Crim.R. 12(D) and (H). *State v. Montgomery*, 5th Dist. Licking No. 2007 CA 95, 2008-Ohio-6077, ¶ 43. The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding an untimely filed motion absent an abuse of discretion. *Id.*

{¶60} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54,

12

2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

{¶61} In this case, the trial court set a pretrial motion deadline of no later than December 16, 2019. Mr. Dahlberg filed his motion to suppress on February 7, 2020. The trial court found Mr. Dahlberg's motion to suppress, which was filed four days before trial, untimely.

{¶62} Even though the trial court denied the motion, it did listen to defense counsel's arguments after the state rested during the jury trial, and it thoroughly considered the suppression motion. The court heard all of the trial testimony, reviewed the dash cam video and exhibits, and specifically addressed the motion to suppress, remarking that it would have overruled the motion even if it had been timely.

{¶63} When the court asked defense counsel if he wanted to make a motion, defense counsel asked for a reconsideration of his motion to suppress and a motion to renew "so that in the future it's something to consider."

{¶64} The trial court responded by explaining: "We've heard testimony from Trooper Nye who testified that he observed your client's vehicle traveling with a cracked windshield and no front license plate and was his reason for the stop. Following the stop is when he detected the strong odor of marijuana coming from the car. He had your client exit his vehicle and kept him in the Highway Patrol vehicle and then he, along with another Trooper searched. I find the initial stop to be valid. I find the subsequent search to be valid. I find that the seizure of the gun to be valid."

{¶65} We do not find the trial court abused its discretion in overruling Mr. Dahlberg's motion to suppress as untimely when it was filed four days before trial. As we have already noted, even though Mr. Dahlberg obtained new counsel, he had full

13

knowledge of the surrounding facts and circumstances within the time requirements. *State v. Hoover*, 9th Dist. Wayne No. 02CA0056, 2003-Ohio-2344, ¶ 6. Thus, Mr. Dahlberg has waived any assignment of error as to this issue.

{¶66} Critically, the court fully considered Mr. Dahlberg's arguments, allowing him to argue the motion during trial.

{¶67} We also note that Mr. Dahlberg specifically contends traffic violations the trooper observed, i.e., the cracked windshield, missing front license plate, and no seatbelt, were not enough to initiate a traffic stop. We have long held that traffic violations constitute probable cause to initiate a stop. As we explained in *State v. Donkers*, 170 Ohio App.3d 509, 2007-Ohio-1557 (11th Dist.):

{¶68} "[P]olice officers do not need probable cause to stop a vehicle. *Terry v. Ohio* (1968), 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889. Rather, only reasonable suspicion is needed. *Id.* Reasonable suspicion merely requires the officer to point to reasonable and articulable facts, which under the totality of the circumstances, including any rational inferences, reasonably warrant an investigative stop. *State v. Andrews* (1991), 57 Ohio St.3d 86, 87 * * *. There need only be a particularized and objective basis for suspecting the particular person of criminal activity to conduct a stop. *Id.* In any event, observing a traffic violation is more than reasonable suspicion; it is probable cause. *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 9, 11-12. So, if an officer observes any minor traffic violation, an investigatory stop is more than valid. *See State v. Brownlie* (Mar. 31, 2000), Portage App. Nos. 99-P-0005 & 99-P-0006, 2000 WL 522463." *Id.* at ¶ 131.

{¶69} Mr. Dahlberg's fifth assignment of error is without merit.

14

**Motion to Dismiss - Speedy Trial Rights**

{¶70} In Mr. Dahlberg's fourth assignment of error, he contends the trial court erred in overruling his defense counsel's motion to dismiss that was based on a violation of his rights to a speedy trial. Defense counsel filed the motion, without seeking leave, four days before trial. The trial court dismissed the motion, finding it untimely.

{¶71} The Sixth Amendment to the United States Constitution and Article I, Section 10 of Ohio's Constitution guarantees a criminal defendant the right to a speedy trial. That right is implemented in Ohio by statutes imposing specific time limits. *See State v. Pachay*, 64 Ohio St.2d 218, 221 (1980). R.C. 2945.71(C)(2) and (E) require the state to bring a felony defendant to trial within 270 days of arrest or within 90 days if the accused is held in jail in lieu of bail solely on the pending charge. This time may be tolled under certain circumstances, as outlined in R.C. 2945.72. *State v. Jack*, 11th Dist. Geauga No. 2016-G-0057, 2016-Ohio-8424, ¶ 16.

{¶72} The alleged violation of his speedy trial rights concerned the time between the September 14, 2018 dismissal (for failure to prosecute the fourth-degree misdemeanor and fourth-degree felony charges for improperly handling firearms in a motor vehicle, which were filed in the Western County Court and never served on Mr. Dahlberg) and the issuance of the indictment in this case in October 2019.

{¶73} Pursuant to R.C. 2945.71, the specific time limits within which one must be brought to trial in a misdemeanor case or provided with a preliminary hearing and brought to trial in a felony case begins to run from *arrest or service of the summons*. Mr. Dahlberg was neither arrested nor served with a summons on those charges originally filed in the Western County Court. Because the charges were dismissed without him having been served, the speedy trial clock never started.

{¶74} Since the basis for Mr. Dahlberg's motion to dismiss for speedy trial rights violation is wholly without merit, we do not need to determine whether the trial court abused its discretion in finding his motion untimely. We note, however, that pursuant to R.C. 2945.73(B), "discharge for delay in trial," "upon motion *made at or prior to the commencement of trial*, a person charged with an offense shall be discharged if he is not brought to trial within the time required * * *." Thus, four days before trial is considered "timely" pursuant to the statute. *State v. Pillow*, 2d Dist. Greene No. 07CA095, 2008-Ohio-6046, ¶ 111 (Appellant waived the speedy trial issue since he failed to file a motion to dismiss until after voir dire, which is considered the "commencement of trial").

{¶75} Mr. Dahlberg's fourth assignment of error is without merit.

## Double Jeopardy

{¶76} In his sixth assignment of error, Mr. Dahlberg argues the trial court committed plain error by subjecting him to double jeopardy. He specifically contends that the trial court erred by referencing the marijuana charges during sentencing as pertaining to the seriousness of the offense and that he received "sanctions" for the marijuana charges.

{¶77} The Supreme Court of Ohio has defined "plain error" in *State v. Barnes*, 94 Ohio St.3d 21 (2002), as follows:

{¶78} "Under Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' 'By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. *

16

* * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial. * * * " *State v. Schillinger*, 11th Dist. Portage No. 2018-P-0014, 2018-Ohio-3966, ¶ 15-16, *appeal not accepted*, 154 Ohio St.3d 1501, 2019-Ohio-345, quoting *Barnes* at 27.

{¶79} "The Federal prohibition against double jeopardy is binding on the states. The prohibition has three distinct aspects. 'It protects against a second prosecution for the same offense after acquittal. It protects against the same prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" (Internal citation omitted.) *State v. Ocasio*, 2d Dist. Montgomery No. 19859, 2003-Ohio-6240, ¶ 8, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

{¶80} Pursuant to R.C. 2929.15(A)(1), "*[t]he court may impose any other conditions of release under a community control sanction that the court considers appropriate*, including, but not limited to, requiring that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in division (D) of this section to determine whether the offender ingested or was injected with a drug of abuse and requiring that the results of the drug test indicate that the offender did not ingest or was not injected with a drug of abuse." (Emphasis added.)

{¶81} Thus, R.C. 2929.15(A)(1) vests the trial court to impose any condition of community control conditions or requirements it deems appropriate. Courts have broad discretion when imposing conditions. *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 10. The relevant inquiry to determine whether a court abused this discretion in imposing a condition is three-fold: (1) is the condition reasonably related to rehabilitating the offender, (2) does it have some relationship to the crime of which the offender was

17

convicted, and (3) does it relate to conduct that is criminal or reasonably related to future criminality and serves the ends of probation. *Id.* at ¶ 12.

{¶82} A review of the sentencing hearing and judgment entry reveals Mr. Dahlberg was never sentenced or sanctioned by the trial court in this case for his marijuana possession citation that was disposed of in the Western County Court. The sentencing hearing transcript reveals the trial court was concerned with Mr. Dahlberg's possession of marijuana and a loaded firearm. The court sentenced Mr. Dahlberg on count 1, handling firearms improperly in a motor vehicle, to five years intensive community control. One of the requirements of his community control was "[d]efendant shall not possess nor consume any alcohol or Marijuana, even if legalized. The Defendant shall not possess or consume any drugs unless prescribed by an M.D., D.O., or dentist." Other requirements included unannounced urinalysis, substance abuse evaluation and to follow any treatment recommendations.

{¶83} Thus, the court was well within its discretion to impose any variety of community control conditions. It is also clear there is a relationship in this case with criminal behaviors, i.e., drug use and illegal firearms in a motor vehicle. And, most certainly, it is necessary for the court to take into consideration known drug use in fashioning a sentence that will "rehabilitate the offender" and prevent future crime.

{¶84} A community control condition that prohibits and treats drug use is not sanctioning Mr. Dahlberg for a separate crime in a separate case, and it does not equate to double jeopardy.

{¶85} Mr. Dahlberg's sixth assignment is without merit.

18

**Ineffective Assistance of Counsel**

{¶86} In his first assignment of error, Mr. Dahlberg contends he was denied the effective assistance of counsel because he was denied a preliminary hearing and because defense counsel failed to timely file a motion to dismiss and/or a motion to suppress.

{¶87} When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. The Supreme Court of Ohio has recognized that there are countless ways to provide effective assistance in any given case. *State v. McFeely*, 11th Dist. Ashtabula No. 2008-A-0067, 2009-Ohio-1436, ¶ 50. *See also Strickland v. Washington*, 466 U.S. 668, 687-689 (1984).

{¶88} Thus, the court's judicial scrutiny of counsel's performance must be highly deferential. *Id.* Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Thus, to warrant reversal, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

{¶89} Because we have separately addressed the underlying grounds of the motion to dismiss and motion to suppress being dismissed as being untimely and, ultimately, fully considered by the trial court and/or without merit, Mr. Dahlberg's claims

19

of ineffective assistance of counsel based upon these same grounds are likewise without merit. *State v. Henderson*, 39 Ohio St.3d 24, 33 (1988) ("The grounds which underlie each of these instances have already been separately addressed and found to be without merit. Accordingly, we need not address the counsel-performance component of these grounds").

{¶90} Further, Mr. Dahlberg's contention that he did not have a "preliminary hearing pursuant to Crim.R. 5(B)(1)" misconstrues the rule, because Mr. Dahlberg was not bound over from a lower court but was brought before the court of common pleas on an indictment. *See* Crim.R. 5(A).

{¶91} Mr. Dahlberg's first assignment of error is without merit.

{¶92} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

20