[Cite as *State v. Hobden*, 2020-Ohio-2877.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No.   19AP0056 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEPHEN MICHAEL HOBDEN | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.   2019 CR-B 000764 |

DECISION AND JOURNAL ENTRY

Dated: May 11, 2020

HENSAL, Presiding Judge.

{¶1}    Stephen Hobden appeals from the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2}    After initially pleading not guilty, Mr. Hobden pleaded no contest to one count of failure to comply with an order or signal from a police officer in violation of Revised Code Section 2921.331(B), a first-degree misdemeanor.  R.C. 2921.331(C)(3).  The trial court found Mr. Hobden guilty, and the matter proceeded to sentencing.

{¶3}    At sentencing, the trial court sentenced Mr. Hobden to 12 months of community control and 30 days in the Wayne County Jail.  The trial court stated that it would stay the 30-day jail sentence and allow Mr. Hobden to complete that portion of his sentence on electronically monitored house arrest if he qualified.  The trial court indicated that Mr. Hobden was required to test negative for illegal substances, including marijuana.  Mr. Hobden's counsel informed the trial

court that Mr. Hobden holds a medical-marijuana card, which was issued to him by his physician. The trial court indicated that, since it could not differentiate between the medical and recreational uses of marijuana during Mr. Hobden's potential 30-day house arrest, it would require Mr. Hobden to stop using marijuana during that time. It reasoned that, if it were to order Mr. Hobden to complete his jail sentence in the Wayne County Jail, Mr. Hobden would likewise be unable to use marijuana during that time. The trial court informed Mr. Hobden that it would consider any medical prescriptions he submitted to the court, but that – at that point – it would not permit him to use marijuana while on house arrest.

{¶4} After the sentencing hearing, Mr. Hobden again requested that the trial court allow him to use medical marijuana while on house arrest. The trial court denied Mr. Hobden's request, and Mr. Hobden moved the trial court to reconsider its decision. The trial court denied Mr. Hobden's motion for reconsideration and indicated that it would provide him with a report date to begin serving a 30-day jail sentence in the Wayne County Jail. Mr. Hobden has appealed that decision, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT THE OPPORTUNITY TO SERVE HIS SENTENCE BY ELECTRONICALLY MONITORED HOUSE ARREST BY IMPOSING AN ADDITIONAL, UNWRITTEN REQUIREMENT WHEN APPELLANT MET ALL STATED REQUIREMENTS NECESSARY TO PARTICIPATE IN THE PROGRAM.

{¶5} In his assignment of error, Mr. Hobden argues that the trial court abused its discretion by refusing to allow him to serve his 30-day jail sentence on electronically monitored house arrest based upon his continued use of medical marijuana. For the reasons that follow, this Court disagrees.

**{¶6}** "A trial court generally has discretion in sentencing[,]" including broad discretion to shape community-control sanctions. *State v. Pope*, 9th Dist. Medina No. 13CA0031-M, 2014-Ohio-2864, ¶ 7; *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, ¶ 19. "Unless a sentence is contrary to law, we review challenges to misdemeanor sentencing for an abuse of discretion." *State v. Schneider*, 9th Dist. Wayne No. 09CA0026, 2009-Ohio-6025, ¶ 6. An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶7}** In support of his assignment of error, Mr. Hobden argues that Rule 3(K) of the Local Rules of the Wayne County Municipal Court, which sets forth the requirements for house arrest, does not require him to stop using prescribed medical marijuana in order to qualify for house arrest. He argues that, because he met all of the requirements under Rule 3(K), the trial court abused its discretion by not allowing to him to complete his 30-day jail sentence on house arrest, as opposed to in the Wayne County Jail.

**{¶8}** In response, the State argues that, because house arrest is a community-control sanction, the trial court had discretion to determine which restrictions were appropriate. In support of its position, the State cites Section 2929.22(A), which permits a trial court to sentence a defendant to any sanction under Sections 2929.24 to 2929.28 of the Revised Code for a misdemeanor offense. It then cites Section 2929.27, which provides for nonresidential sanctions, including house arrest with electronic monitoring. R.C. 2929.27(A)(2). It notes that "[h]ouse arrest" is defined, in part, as "a period of confinement * * * that is in the offender's home * * * during which * * * [t]he offender is subject to any other restrictions and requirements that may be imposed by the sentencing court[.]" R.C. 2929.01(P)(3). The State also relies upon Section 2929.25(C)(2), which provides that a trial court shall require an offender placed on community

control to abide by the law, as well as any additional requirements imposed "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior[.]"

{¶9}    Mr. Hobden's argument on appeal presupposes that any offender who meets the requirements of Rule 3(K) is entitled to serve his or her jail sentence on house arrest. His argument ignores the relevant case law and statutes, which give a trial court broad discretion to impose additional community-control requirements on an offender. *See Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, at ¶ 19 (noting a trial court's broad discretion to shape community-control sanctions); R.C. 2929.25(C)(2) (governing community-control sanctions for misdemeanor offenses and providing that "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender."); R.C. 2929.01(P)(3) (acknowledging that a trial court can impose additional restrictions on an offender placed on house arrest). Given the trial court's broad discretion in shaping community-control sanctions, this Court cannot say that the trial court's refusal to allow Mr. Hobden to serve his 30-day jail sentence on house arrest under these facts was unreasonable, arbitrary, or unconscionable. Accordingly, Mr. Hobden's sole assignment of error is overruled.

III.

{¶10}    Mr. Hobden's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DAVID C. KNOWLTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.