[Cite as *State v. Owens*, 2021-Ohio-259.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO. 4-20-08

    v.

TINA M. OWENS,                  O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Defiance County Common Pleas Court
Trial Court No. 19-CR-13781

Judgment Affirmed

Date of Decision: February 1, 2021

---

APPEARANCES:

    *Nathan VanDenBerghe* **for Appellant**

    *Russell R. Herman* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Tina M. Owens ("Owens"), brings this appeal from the June 5, 2020 judgment of the Defiance County Common Pleas Court sentencing her to three years of community control after she pled guilty to, and was convicted of, Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), a felony of the fourth degree, and Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. On appeal, Owens argues that the trial court did not make the proper findings to impose consecutive sentences, and that the trial court's order that Owens refrain from using medical marijuana was overbroad.

*Background*

{¶2} On November 21, 2019, Owens was indicted for Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), a felony of the fourth degree, and Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. The drugs allegedly involved were amphetamines, a Schedule II controlled substance, contained in pill form. On February 6, 2020, the parties entered into a plea agreement wherein Owens would plead guilty to the charges in the indictment and the State would recommend that Owens be placed on community control, with no additional incarceration assuming that no new offenses were committed prior to sentencing.

{¶3} The trial court held a Crim.R. 11 hearing and determined that Owens was entering knowing, intelligent, and voluntary pleas. A factual basis for the charges was recited by the prosecution. Defense counsel then mentioned that Owens had a prescription for medical marijuana. The trial court notified Owens that if she was placed on community control, the trial court often restricted people from using alcohol or controlled substances like marijuana. Owens stated she understood. Ultimately her guilty pleas were accepted, and sentencing was set for a later date.

{¶4} On June 1, 2020, a sentencing hearing was held. The trial court asked Owens if she was still using drugs, and Owens said she was not, other than marijuana, for which she had a prescription. Owens was sentenced to three years of community control. As part of those conditions, Owens was ordered to, *inter alia*, refrain from consuming alcohol, and refrain from using marijuana. Further, she was notified that if she violated her terms and conditions of community control she would be subject to a 17-month prison term on the Aggravated Trafficking conviction and an 11-month prison term on the Aggravated Possession conviction. The trial court notified Owens that if the prison terms were imposed, they would be served consecutively for an aggregate prison term of 28 months. A judgment entry memorializing Owens' sentence was filed June 5, 2020. It is from this judgment that she appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**Appellant's sentence should be vacated due to the Trial Court's failure to make the necessary findings prior to imposing terms of imprisonment to be served consecutively.**

**Assignment of Error No. 2**
**Appellant's sentence should be vacated due to the Trial Court's abuse of discretion when it denied Appellant the ability to use a valid medicinal marijuana prescription.**

*First Assignment of Error*

{¶5} In her first assignment of error, Owens argues that the trial court failed to make the necessary findings before "imposing" consecutive sentences in this matter.

Standard of Review

{¶6} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Relevant Authority

{¶7} Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, a trial court must find on the record that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Accord State v. Grate*, --- Ohio St.3d ---, 2020-Ohio-5584, ¶ 205. A trial court must then also find that at least one or more of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) are present.

{¶8} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37, the Supreme Court of Ohio held that a trial court must make the requisite statutory findings before imposing consecutive sentences "at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

Analysis

{¶9} Despite Owens' argument on appeal that the trial court failed to make proper consecutive sentence findings when "imposing" consecutive sentences in this matter, she has not actually been sentenced to consecutive sentences at this time. She has been sentenced to three years of community control and she has been *notified* that *if* she is found in violation of her community control, and *if* the trial court elects to revoke her community control, the trial court *could* impose a reserved

consecutive prison term amounting to 28 months. The Supreme Court of Ohio recently emphasized in *State v. Howard*, --- Ohio St.3d ---, 2020-Ohio-3195, ¶ 24, that at the initial sentencing hearing where a defendant is placed on community control, the reserved consecutive prison terms are only "potential in nature." In fact, the trial court has the discretion under R.C. 2929.15(B) to choose a shorter prison term, or no prison term at all. *Id*. at ¶ 25.

{¶10} Based on *Howard*, the trial court is not required to make consecutive sentence findings until they are actually imposed. In fact, Ohio Appellate Courts following *Howard* have affirmed community control sentences with reserved consecutive prison terms where no consecutive sentence "determinations" were made at all because at that point they were mere notifications. *See State v. Marcum*, 4th Dist. Hocking No. 19CA7, 2020-Ohio-3962, ¶ 12. All that is required relating to consecutive sentences at the time of sentencing a defendant to community control is to inform the defendant of the potential reserved maximum prison terms and if they would be ordered to run consecutively. *See Howard*, *supra*. Therefore there is no error here and Owens' first assignment of error is overruled.

*Second Assignment of Error*

{¶11} In her second assignment of error, Owens argues that the trial court erred by restricting her from using medical marijuana as a condition of community control when Owens claims that she had a prescription for medical marijuana.

Analysis[1]

{¶12} Owens attempts to frame the issue before this Court as a novel one to this District—whether a trial court may restrict an individual from using a valid prescription for medical marijuana as part of the terms and conditions of community control. However, despite Owens' framing of the issue, the record does not demonstrate that Owens even had a valid, unexpired prescription for medical marijuana.

{¶13} At the plea hearing in this case, defense counsel first mentioned that Owens had a "medical marijuana card that she brought with her. She is prescribed medical marijuana. I don't know if that impacts the Rule 11 that you just went over with her?" (Feb. 6, 2020, Tr. at 11). The trial court then stated that it would not typically allow an individual on community control to use controlled substances like marijuana, but the trial court stated it would look into the issue prior to the sentencing and decide whether it was legitimate. Regardless, for purposes of the Crim.R. 11 hearing, the trial court told Owens that she should be aware that the trial court might make a condition regarding marijuana use if she was sentenced to community control. She indicated that she understood.

---

[1] The same standard of review from the first assignment of error is applicable here.

{¶14} Several months later, on June 1, 2020, the matter proceeded to sentencing. At that hearing, the trial court asked Owens if she was still using drugs, and Owens mentioned a medical marijuana card again stating, "Oh, I don't, I smoke pot but that's it, and I have my card." (June 1, 2020, Tr. at 4). Owens was ultimately placed on community control for three years; however, before the hearing concluded, the prosecutor asked, "How did the Court want to deal with the marijuana card? I think she said she had a card." (*Id*. at 7).

{¶15} The trial court asked Owens where she got her card, and she responded, "Over in Fayette from some little place over there I think it was Redi-Medi or something like that. It was a place in Fayette. An LPN the one that prescribed me my meds she gave me the number to it." (*Id*.) The trial court acknowledged that Owens had been diagnosed as bipolar, then stated that she "no longer will be smoking dope."[2] (*Id*. at 8). The judgment entry in this matter memorializing Owens' sentence placed her on community control with the special condition "*The Defendant shall NOT be permitted to use Marijuana*[.]" (Emphasis added.) Owens now argues on appeal that the trial court's condition related to marijuana was overbroad due to her possession of a "card" with a valid "prescription" for medical marijuana.

---

[2] It is not clear if being "bipolar" was the purported reason for the alleged prescription of medical marijuana, or if the trial court was just noting this issue. Currently, bipolar is not specifically listed as a "Qualifying medical condition" for a prescription of medical marijuana. However, Owens could have been prescribed medical marijuana for any number of potential issues under R.C. 3796.01.

**{¶16}** Despite the mention of a "card" and a "prescription" during the proceedings in this case, these items were never introduced into evidence, so we have no way of knowing if they truly existed, if they were valid, for how long they were valid, or if they expired at a certain point (perhaps even prior to the completion of this appeal). According to the Ohio Administrative Code, a medical marijuana recipient has to annually renew a valid registration, thus presentation of a valid registration to the trial court would be important. Ohio Adm. Code 3796:7-2-01. For this reason alone we could overrule Owens' assignment of error.[3]

**{¶17}** Nevertheless, Owens' has not been found in violation of community control in this case for any use of a legitimate, "valid prescription" for medical marijuana. As the lead opinion stated in *State v. Donoho*, 11th Dist. Geauga No. 2018-G-0151, 2018-Ohio-4950, ¶ 19, Owens will still have an opportunity to challenge a purported violation of community control at a hearing wherein she could raise the "affirmative defense" that she was using "medical marijuana" pursuant to a valid prescription. Thus it could also be argued that Owens' claim is actually not ripe for appeal.

**{¶18}** In sum, Owens' argument touches on an interesting issue that will have to be addressed when it is properly supported by evidence, namely, whether a

---

[3] Notably, under the Ohio Administrative Code, a patient "shall" report to the state board of pharmacy of any arrest or charges pending of a felony or misdemeanor offense under Chapter 2925 of the Revised Code. Ohio Admin. Code 3796:7-2-07. Further, a definitions section lists a conviction for any offense set forth in Chapter 2925 as a disqualifying offense. *Id*. at 3796:1-1-01(15)(a)(i).

trial court can restrict the use of a controlled substance that is part of a valid prescription as part of community control. However, we have no actual *evidence* that Owens has a valid prescription and Owens can always challenge an alleged community control violation at the time it is filed, if it is filed. For all of these reasons, Owens' argument is not well-taken, and her second assignment of error is overruled.

*Conclusion*

{¶19} For the foregoing reasons, Owens' assignments of error are overruled and the judgment of the Defiance County Common Pleas Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**