[Cite as *State v. Norton*, 2025-Ohio-1413.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>        Plaintiff-Appellee,<br><br>- vs -<br><br>ROBERT NORTON, III,<br><br>        Defendant-Appellant. | CASE NO. 2024-L-080<br><br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2024 CR 000343 |

## OPINION AND JUDGMENT ENTRY

Decided: April 21, 2025
Judgment: Affirmed

---

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Christina Brueck*, 333 Babbitt Road, Suite 301, Euclid, OH 44123 (For Defendant-Appellant).


EUGENE A. LUCCI, J.

{¶1} Appellant, Robert Norton, III, appeals the judgment of the Lake County Court of Common Pleas. Norton challenges the trial court's conditions of community control requiring him to refrain from the use of any drugs, including marijuana and/or alcohol. We affirm.

{¶2} On November 7, 2023, the Wickliffe Police Department conducted a narcotics investigation in the area of the Greenridge Hotel, which is located across the street from a school. During the investigation, the police used a confidential informant to facilitate the purchase of drugs and sought the assistance of the Lake County Narcotics

Agency to assist with the use of video and audio recording devices to record the transaction.

{¶3} The confidential informant agreed to assist the police to set up a buy. The informant additionally indicated he/she contacted an individual who he/she referred to by a nickname (the individual was later identified as Norton) and a drug purchase was arranged. After the transaction was finalized, the substance that was recovered was positively identified as cocaine.

{¶4} Norton was indicted on one count of Trafficking in Cocaine – Within the Vicinity of a School, in violation of R.C. 2925.03(A)(1), a felony of the fourth degree; the charge also included a Forfeiture Specification, pursuant to R.C. 2941.1417 and R.C. 2981.04. The matter proceeded to a jury trial and Norton was found guilty of the charge with the specification. Norton was sentenced to a two-year term of community control and sentenced to serve 60 days in the Lake County Jail.

{¶5} Norton was advised of the terms and conditions of community control. Specifically, upon his release from jail, he was ordered to refrain from the use of any drugs, including marijuana or alcohol; he was to submit to random urine screens, obtain and maintain full-time employment or education or some combination of the two, and participate with an Alcoholics Anonymous ("AA") program if recommended by jail treatment.

{¶6} This appeal follows and Norton assigns the following as error:

{¶7} "The trial court abused its discretion under R.C. 2929.15(A)(1) to impose conditions of release under a community-control sanction, when it imposed a condition of probation that the defendant refrain from the use of any drugs, including marijuana

(regardless of whether there is a medical marijuana card) or alcohol and submit to random drug screens."

{¶8} Under his assignment of error, Norton argues the trial court abused its discretion by imposing conditions of community control requiring him to refrain from using any drugs or alcohol. Norton contends the condition does not bear a relationship to the offense of Trafficking in Cocaine, the charge of which he was convicted. Specifically, he argues that, other than the nature of the conviction (a drug trafficking offense), no other "historical or collateral explanation" exists to support the challenged conditions. We do not agree.

{¶9} R.C. 2929.15(A)(1) provides that "[i]f in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment . . ., the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code." Moreover, "[t]he court may impose any other conditions of release under a community control sanction that the court considers appropriate, including, but not limited to, requiring that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in division (D) of this section . . . ." R.C. 2929.15(A)(1).

{¶10} Accordingly, R.C. 2929.15(A)(1) "vests the trial court with the discretion to impose any condition of community control conditions or requirements it deems appropriate. Courts have broad discretion when imposing conditions." *State v. Ryan*, 2021-Ohio-4059, ¶ 30 (11th Dist.), citing *State v. Talty*, 2004-Ohio-4888, ¶ 10.

> The relevant inquiry to determine whether a court abused this discretion in imposing a condition is three-fold: (1) is the

> condition reasonably related to rehabilitating the offender, (2) does it have some relationship to the crime of which the offender was convicted, and (3) does it relate to conduct that is criminal or reasonably related to future criminality and serves the ends of probation.

*Ryan* at ¶ 30.[1]

{¶11} The presentence investigation report ("PSI") demonstrates that Norton admitted to using marijuana daily from the age of 14 years old until near the date of his arrest, on February 19, 2024. Norton was 30 years old at the time of his arrest and thus had been using marijuana daily for some 16 consecutive years. The PSI reflected that Norton was unsure if he required drug treatment for his use but would prefer such treatment over a jail sentence. Similarly, Norton asserted he used alcohol each weekend and was also unsure if he had a problem with alcohol.

{¶12} In *Ryan*, this court considered whether prohibiting the possession of medical marijuana is within a trial court's discretion where the defendant was convicted of Trafficking in L.S.D (a felony of the fourth degree) and Aggravated Possession of Drugs (a felony of the fifth degree). In so doing, this court concluded that a trial court acts within its discretion when imposing any variety of community control conditions, including a condition prohibiting legalized marijuana, if the condition is reasonably related to rehabilitation, has a relationship to the crime of which the offender was convicted, and

---

1. The State correctly points out that the Supreme Court of Ohio has recently accepted jurisdiction over an appeal by the State of Ohio addressing a proposition of law arguing this three-factor test is *inapplicable* to community-control sanctions that are expressly authorized by statute. *See State v. Ballish*, Case No. 2024-0899, appeal accepted from *State v. Ballish*, 2024-Ohio-1855 (11th Dist.) (holding the record was devoid of any facts indicating that alcohol and drugs, including medical marijuana, contributed to a misdemeanor theft offense of which the defendant was convicted). *Ballish* is a case specifically addressing misdemeanor community-control sanctions. Nevertheless, cases cited in the State's jurisdictional memorandum also address low-degree felony matters. Briefing in *Ballish* has been completed but no oral argument or hearing date has been set as of the date of this opinion.

relates to conduct that is criminal or reasonably related to future criminality. *Ryan* at ¶ 30-31; *see also State v. Dahlberg*, 2021-Ohio-550, ¶ 81-84 (11th Dist.); *Talty* at ¶ 12.

{¶13} Relying upon the analysis in *Ryan*, which involved an offender's purchase and accumulation of medical marijuana while on community control, this court subsequently recognized a trial court's authority to restrict an offender's marijuana use as a condition of community control, even if the offender possessed a valid medical marijuana card. *State v. Bourne*, 2023-Ohio-2832, ¶ 29-30 (11th Dist.). Other courts in Ohio that have addressed the issue have likewise found that a trial court may restrict an offender's marijuana use when shaping community-control sanctions. *State v. Sanchez*, 2021-Ohio-1593, ¶ 20-21 (8th Dist.) (finding the trial court did not err in finding the offender had violated the conditions of his community control where he was informed he could not use illicit drugs and he admitted to using medical marijuana); *State v. Hobden*, 2020-Ohio-2877, ¶ 6-9 (9th Dist.) (trial court did not abuse its discretion when prohibiting the offender's use of medical marijuana as a condition of his community control).

{¶14} Although a blanket prohibition of marijuana in all community-control cases is not supported by Ohio law, the above cases indicate that if there is some nexus or relationship between the offender's marijuana use and his underlying criminal behavior, the trial court may restrict the otherwise lawful use of medical marijuana. *Bourne* at ¶ 29.

{¶15} The record does not indicate Norton possesses a medical marijuana card. Still, Norton admitted to consistent, daily use of marijuana for approximately 16 years and conceded he used alcohol regularly. Further, by Norton's own admission, he was unsure if he needed treatment for his marijuana and alcohol usage.

**{¶16}** In light of these points, and Norton's conviction for trafficking in drugs, we conclude there is a reasonable relationship between the challenged conditions and his conviction. *See Dahlberg*, 2021-Ohio-550, at ¶ 83 (11th Dist.). ("It is also clear there is a relationship in this case with criminal behaviors, i.e., drug use and illegal firearms in a motor vehicle. And, most certainly, it is necessary for the court to take into consideration known drug use in fashioning a sentence that will 'rehabilitate the offender' and prevent future crime."). *Accord Ryan*, 2021-Ohio-4059, at ¶ 31 (11th Dist.) (a trial court is well within its discretion to impose various community control conditions, including prohibiting marijuana use, even if such use is legal). We therefore conclude the court, within its discretion, could draw the reasonable inference that the prohibitions at issue were appropriate under the circumstances. *See* R.C. 2929.15(A)(1).

**{¶17}** We further note that Norton has not challenged other substance-related conditions of his community control, specifically the requirement that he participate in 12-step meetings if recommended by jail treatment staff. This selective approach to his appeal is telling - by contesting only certain substance-related conditions while tacitly accepting others, Norton appears to concede that some substance abuse interventions are reasonably related to his rehabilitation. This inconsistency undermines the coherence of his argument that the challenged conditions lack relationship to his conviction.

**{¶18}** Additionally, we observe that Norton's counsel did not object to these conditions at sentencing, when the trial court could have addressed any concerns. While we do not speculate on counsel's strategic decisions, it bears mentioning that objecting at sentencing might have risked the trial court determining Norton was not amenable to community control, potentially resulting in a prison term instead. Raising this objection for

the first time on appeal, after accepting the conditions at sentencing, further weakens Norton's position.

**{¶19}** Finally, we must consider the practical implications of Norton's requested relief. Were we to reverse the trial court and remove sobriety requirements and drug screening as conditions of community control, such a ruling could be interpreted as judicial approval of substance use while on probation for a drug trafficking offense. This would create a problematic precedent inconsistent with the rehabilitative purposes of community control and the court's duty to impose reasonable conditions related to the underlying criminal behavior.

**{¶20}** Norton's assignment of error lacks merit.

**{¶21}** The judgment of the trial court is affirmed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

---

## JUDGMENT ENTRY

---

For the reasons stated in the opinion of this court, appellant's assignment of error lacks merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.