[Cite as *State v. Thomas*, 2022-Ohio-2682.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111116 |
| v. | : | |
| ANTOINE L. THOMAS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-659700-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Alicia Harrison, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Michael V. Wilhelm, Assistant Public Defender, *for
appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Antoine Thomas ("Thomas"), appeals the trial
court's imposition of drug testing as a condition of his community-control sanction.
For the reasons set forth below, we affirm the trial court's judgment.

{¶ 2} On May 25, 2021, Thomas was bound over from the Cleveland Municipal Court and charged in a four-count indictment. Count 1 charged him with aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony. Count 2 charged him with robbery in violation of R.C. 2911.02(A)(2), a second-degree felony. Count 3 charged him with felonious assault in violation of R.C. 2903.11(A)(2), and Count 4 charged him with felonious assault in violation of R.C. 2903.11(A)(1), both second-degree felonies. All four counts carried both one- and three-year firearm specifications.

{¶ 3} On June 22, 2021, Thomas pled not guilty and was released on bond with court-supervised release, placed on electronically monitored home detention, and ordered to have no contact with the victim. A month later, the trial court issued a journal entry permitting Thomas to obtain a medical marijuana card and granted his request to modify the conditions of his bond from electronically monitored home detention to inclusion-and-exclusion monitoring so that he could start working at a new job. On September 1, 2021, the trial court completely removed electronic monitoring as a condition of Thomas's bond.

{¶ 4} On October 21, 2021, Thomas withdrew his not guilty plea and entered a guilty plea to robbery as charged in Count 2 and attempted felonious assault as amended in Count 3. The remaining counts and the firearm specifications in all counts were nolled. Thomas was referred for a presentence investigation report.

{¶ 5} The matter proceeded to sentencing on November 16, 2021. At the sentencing hearing, the trial court reviewed the presentence investigation report and invited comment from the assistant prosecutor. The assistant prosecutor recounted the incident as follows:

> As this Court is aware, this incident occurred back in October of 2020. That evening, the victim in this case * * * was in – on Lorain Avenue in Cleveland near West 105th Street where he was approached by the female co-Defendant in this case, Ms. Odio, and brought up into an apartment complex.
>
> At some point throughout their evening Ms. Odio approached Mr. Thomas, and the 2 other co-Defendants in this case, indicating she would prefer to rob this victim instead of pursue anything sort of sexually. At that time, multiple men came into the room with a firearm.
>
> It is the State's understanding that that firearm came from Mr. Thomas, that he is known to have a firearm on his person, and eventually then the victim was then pistol whipped multiple times by multiple men in that room. He was threatened. Mr. Thomas had told him, or an individual in the room had told him, that they would shoot him in the leg.
>
> * * *
>
> The victim in this case has a disability, so in response to a threat to shoot him in the leg, he indicated that would be a favor to him, that that is something that was not threatening to him, which upset the men in the room. They then pistol whipped him, demanded his belongings, his cell phone, credits cards, wallet at the time, and eventually the victim was able to get out of the room and get out of there and report it to the police.

{¶ 6} The victim then addressed the court, stating

> This guy is a scumbag, Your Honor. Pardon my language. He didn't have to rob me, didn't have to pistol whip me. Because I didn't want to buy their drugs or their prostitute, they were going to take my money one way or the other.

I am physically handicapped.  I have a full-time job.  I don't know what's wrong with this gentleman that he can't be more useful in society [than] in selling drugs and a prostitute, to pull out a gun, put it to my face and tell me he is going to kill me, which I wouldn't do.  Quit and give up?  Our society is better without people like this.  Our city is safer with this gentleman off the street, Your Honor.

{¶ 7} Counsel for Thomas addressed the court and indicated that Thomas did not contest the factual basis that had been related to the court, acknowledged what he did was wrong, has maintained a job during the pendency of the proceedings, and wished to stay in the community to care for his three children. Thomas addressed the court to say he was sorry the incident happened.  The trial court then addressed Thomas.  The court noted that Thomas's presentence investigation report included 30 prior offenses.  The court also acknowledged that the victim was engaged in prostitution before Thomas and his co-defendants assaulted and robbed him.  The trial court sentenced Thomas to 8 years on Count 2 and a concurrent 36 months on Count 3.  The court then stated that

> The sentence is suspended.  You are placed on probation, but listen carefully to what I am saying to you.  You're going to be on probation for 4 years.  You are going to be under house arrest for a year.  You're going to be at work or at home.  You're going to report every 2 weeks and you're going to drop urine.  It's not going to be positive for anything.  You're not smoking medical marijuana and you're not drinking and not using drugs.

The trial court also ordered Thomas to pay, jointly and severally with his co-defendants, $500 in restitution to the victim in monthly installments of $100.

{¶ 8} In its sentencing entry, the trial court stated that

> [T]he defendant is sentenced to 4 year(s) of community control / probation on each count, under supervision of the adult probation department with the following conditions:  Defendant to abide by the

rules and regulations of the probation department. Defendant ordered to submit to regular drug testing, obtain / maintain verifiable employment, [and] provide proof of employment to the probation department.

{¶ 9} It is from this judgment that Thomas now appeals, raising a single assignment of error for review:

> **Assignment of Error One:** The sentencing court abused its discretion by requiring that the appellant submit to regular drug testing where that condition bears no relationship to the crime for which he was convicted.

{¶ 10} In his sole assignment of error, Thomas argues that the trial court erred by imposing drug testing as a condition of his community-control sanction because he was not convicted of a drug-related offense and drugs were not implicated in the crimes of which he was convicted, namely, robbery and attempted felonious assault. Thomas also argues that the trial court's oral pronouncement of the sentence at the sentencing hearing differs from the sentencing entry and, therefore, he is not subject to conditions that were not reiterated in the sentencing entry. The state argues that when the victim addressed the court at the sentencing hearing, he stated that he was robbed and assaulted after he refused to buy drugs and a prostitute from Thomas and his co-defendants. The state also argues that the presentence investigation report reviewed by the trial court reveals that Thomas has a history of drug-possession offenses.

{¶ 11} R.C. 2929.15(A)(1) governs a trial court's authority to impose conditions of community control. When sentencing a felony offender, the trial court may impose a sentence consisting of one or more community-control sanctions,

including residential, nonresidential, and financial sanctions that are authorized by R.C. 2929.16, 2929.17, and 2929.18. R.C. 2929.15(A)(1). The court may also impose other conditions of release under community control that the court considers appropriate, including that the offender refrain from ingesting or injecting a "drug of abuse" and submit to drug testing. R.C. 2929.15(A)(1); 2929.17(H).

{¶ 12} Because the statute grants a trial court broad discretion to impose community-control conditions that it considers "appropriate," we review community-control conditions imposed by the trial court for an abuse of the trial court's discretion. *State v. Minarik*, 2018-Ohio-3586, 112 N.E.3d 550, ¶ 75 (8th Dist.), citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is unreasonable when "'no sound reasoning process * * * would support that decision.'" *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 13} Community-control conditions must reasonably relate to the goals of community control: "'rehabilitation, administering justice, and ensuring good behavior.'" *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 7, quoting *Talty* at ¶ 1[6]. The test for determining whether any condition reasonably relates to these goals, we must consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or

reasonably related to future criminality and serves the statutory ends of probation. *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990). "All three prongs of the *Jones* test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion." *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 8, citing *State v. White*, 10th Dist. Franklin No. 14AP-1027, 2015-Ohio-3844, ¶ 10.

{¶ 14} Thomas contends that the drug-testing condition fails to meet the second and third prongs of the *Jones* test. He first argues that his robbery and attempted felonious assault convictions are not drug offenses. This argument, however, misreads the second prong of the *Jones* test. The second prong is whether the condition has *some relationship* to the crime of which the offender was convicted, not whether the condition is related to a drug crime.

{¶ 15} Thomas also argues that this court's rulings in *Mahon*, and *S. Euclid v. Bickerstaff*, 8th Dist. Cuyahoga No. 107526, 2019-Ohio-2223, support his contention that the trial court abused its discretion when it imposed this condition. Thomas's reliance on these cases is misplaced. In *Mahon*, this court found that the record contained no mention of drugs whatsoever and no indication that the defendant in that case had a history of drug abuse that could possibly support the trial court's desire to rehabilitate him. *Id.* at ¶ 11. Similarly, in *Bickerstaff*, this court held that drug testing bore "no relation to any of the circumstances surrounding the case." *Id.* at ¶ 25. Here, the presentence investigation report revealed a history of

drug abuse and drug possession, and drugs played a part in the offenses of which Thomas was convicted.

{¶ 16} Thomas further argues that the trial court permitted him to obtain a medical marijuana card, and the court exceeded its authority by prohibiting his legal use. There is no evidence in the record that Thomas possesses a valid, unexpired prescription for medical marijuana. *See State v. Owens*, 3d Dist. Defiance No. 4-20-08, 2021-Ohio-259, ¶ 12 (rejecting appellant's framing of the issue as "whether a trial court may restrict an individual from using a valid prescription for medication marijuana as part of the terms and conditions of community control" when the record did not demonstrate that appellant even had a valid medical marijuana card). And even if Thomas does possess a valid medical marijuana card, it does not necessarily limit the trial court's authority to restrict Thomas's marijuana use as a condition of his community-control sanction. *See State v. Hutchings*, 8th Dist. Cuyahoga No. 100735, 2014-Ohio-4675, ¶ 14 (when imposing a community-control sanction, "a trial court may restrict the use of substances that may otherwise be legal to use or consume, such as alcohol"). Furthermore, Thomas was formerly convicted of cocaine possession, and the record does not make clear what drugs Thomas and his co-defendants offered to sell to the victim. Thomas's drug testing is not limited to marijuana, which addresses his argument that the trial court's oral pronouncement differed from its journal entry. At the sentencing hearing, the trial court imposed a condition restricting Thomas's drug use. This condition is reflected in the court's sentencing entry that Thomas submit to drug testing.

{¶ 17} Therefore, Thomas has not shown that he is entitled to smoke marijuana or that drug testing has no relation to the offense of which he was convicted, as set forth under the second prong of the *Jones* test.

{¶ 18} Contrary to Thomas's contention, we find that the trial court's imposition of drug testing meets all three *Jones* factors. First, the condition is reasonably related to rehabilitating Thomas. The trial court reviewed the presentence investigation report revealing that Thomas had been convicted of several drug-related offenses, including cocaine, marijuana, and drug-paraphernalia possession. *See State v. Cauthen*, 1st Dist. Hamilton No. C-130475, 2015-Ohio-272, ¶ 13 (finding that drug testing was reasonably related to rehabilitation because the presentence investigation report revealed a history of drug use). Second, the condition has some relationship to the crime of which Thomas was convicted. At the sentencing hearing, the victim stated that Thomas and his co-defendants pistol-whipped and robbed him after he refused to buy drugs and a prostitute from them. At the hearing, counsel for Thomas stated that Thomas did not dispute the underlying facts that were before the court, and when given a chance to address the court, Thomas did not contest the victim's relation of events, which included that Thomas and his co-defendants had tried to sell him drugs. Third, the condition relates to criminal conduct and is reasonably related to future criminality. Given Thomas's history of drug offenses and that drugs were involved during Thomas's commission of the offenses in this case, drug testing is a reasonable component of reaching the goal that Thomas does not reoffend. *State v. Robinson*,

2d Dist. Greene No. 2003 CA 101, 2004-Ohio-5984, ¶ 12 (finding that drug testing was reasonably related to future criminality even where it was unrelated to the first two prongs of the *Jones* test).

{¶ 19} Because the trial court's imposition of drug testing as condition of Thomas's community-control sanction satisfies the requirements outlined in *Jones*, 49 Ohio St.3d at 53, 550 N.E.2d 469, we find that the trial court did not abuse its discretion by imposing this condition.

{¶ 20} Accordingly, Thomas's sole assignment of error is overruled.

{¶ 21} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY EILEEN KILBANE, J., CONCUR