[Cite as *State v. Stanaford*, 2022-Ohio-4462.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

SEAN EARNEST STANAFORD,

      Defendant-Appellant.

**CASE NO. 2022-A-0052**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00521

### O P I N I O N

Decided: December 12, 2022
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Sean Earnest Stanaford, appeals from his conviction for Aggravated Possession of Drugs in the Ashtabula County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2} On January 13, 2022, Stanaford was indicted by the Ashtabula County Grand Jury for Aggravated Possession of Drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A) and (C)(1)(a), with a forfeiture specification under R.C. 2941.1417.

{¶3} On April 19, 2022, a Written Plea of Guilty and Plea Agreement was filed. At the plea hearing, the court advised Stanaford of the rights waived, including the right

to a jury trial, to question and call witnesses, not to testify, to have the State prove the offenses beyond a reasonable doubt, and the right to appeal. The court advised Stanaford of the charge to which he was pleading guilty and the potential penalty he faced. When Stanaford stated that he did not understand the potential prison term, the court explained the potential sentence and that it was not mandatory. It explained the forfeiture as well as post-release control. The court determined that the plea was entered voluntarily and with the assistance of counsel. The State indicated that the crime occurred when police discovered Stanaford and another occupant of a vehicle in possession of methamphetamine. The court issued a Judgment Entry accepting Stanaford's plea.

{¶4} The court held a sentencing hearing on May 31, 2022, at which defense counsel observed that there was a joint recommendation for community control and argued that Stanaford is amenable to community control sanctions. Counsel argued that NEOCAP should be reserved for a violation of community control and that the court should "see how he does in the community before sending him to NEOCAP." Stanaford stated that if he went to NEOCAP he was "not sure how [he] would react to it." The State recommended community control, observed that Stanaford's risk assessment indicated he is "high risk," and stated that "we want to get the defendant into some form of sobriety." The court observed that Stanaford "continue[s] to commit crimes," has not responded favorably to prior sanctions, and is in need of treatment. It ordered Stanaford to serve a term of two years of community control with various conditions preventing drinking and drug consumption. He was also ordered to "enter and successfully complete the Northeast Ohio Community Alternative Program (NEOCAP)" and complete any program recommendations. This sentence was memorialized in a May 31, 2022 Judgment Entry.

2

{¶5} Stanaford appealed from his conviction. On August 29, 2022, appellate counsel filed Stanaford's appellate brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel represented that he had reviewed the record and found "no meritorious issues" upon which to base an appeal. On the same date, counsel filed a Motion to Withdraw. This court granted Stanaford 30 days in which "to file his own submission, if he so chooses, which raises any additional arguments in support of the appeal." Appellate counsel's request to withdraw was held in abeyance. Stanaford has not filed any further brief or memorandum in support of his appeal.

{¶6} In *Anders,* the United States Supreme Court outlined the proper steps to be followed in this situation: "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; * * * the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; * * * counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses." *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶ 5, citing *Anders* at 744. The appellate court must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders* at 744. "Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Accordingly, we will proceed to conduct a review of the record, pursuant to *Anders.*

{¶7} In his brief, counsel raises one potential area for review which may arguably support the appeal: "The trial court erred in imposing residential sanctions on defendant-

3

appellant, Sean E. Stanaford, as part of the community control sanctions rather than utilizing the least restrictive sanctions available to accomplish the goals of community control sanctions and felony sentencing." Counsel concludes this error lacks merit.

{¶8} Initially, we observe that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). Here, the parties and the court indicated that there was a jointly recommended sentence of community control sanctions. The court ordered community control and, as part of that sentence, that Stanaford be placed in NEOCAP. Stanaford argued against the imposition of NEOCAP at sentencing, with counsel stating "I think we can release him * * * and see how he does in the community before sending him to NEOCAP." The State indicated: the court "has a number of things it can do on behalf of the defendant. * * * The Court will * * * have NEOCAP if need be." Under these circumstances, we will address the merits of whether the imposition of the community control sanction and the conditions constituted error.

{¶9} In hearing an appeal of felony sentences, the appellate court reviews the record and "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶10} R.C. 2929.15(A)(1) provides that, "[i]f in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment * * *, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16,

4

2929.17, or 2929.18 of the Revised Code." R.C. 2929.16(A)(1) allows the court to impose "community residential sanctions" which include "a term of up to six months at a community-based correctional facility." Further, R.C. 2929.15(A)(1) provides that "[t]he court may impose any other conditions of release under a community control sanction that the court considers appropriate, including, but not limited to, requiring that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in division (D) of this section * * *."

{¶11} R.C. 2929.15(A)(1) "vests the trial court with the discretion to impose any condition of community control conditions or requirements it deems appropriate. Courts have broad discretion when imposing conditions." *State v. Ryan*, 11th Dist. Lake No. 2021-L-032, 2021-Ohio-4059, ¶ 30, citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. "The relevant inquiry to determine whether a court abused this discretion in imposing a condition is three-fold: (1) is the condition reasonably related to rehabilitating the offender, (2) does it have some relationship to the crime of which the offender was convicted, and (3) does it relate to conduct that is criminal or reasonably related to future criminality and serves the ends of probation." *Id.*

{¶12} Here, the court was permitted to order community control since there was no required prison term for the offense. As a condition of community control, it ordered Stanaford to serve a term in NEOCAP, which is a community-based correctional facility. Such an order is permissible pursuant to R.C. 2929.15(A)(1) and 2929.16(A)(1). It is evident the court ordered Stanaford to be placed in NEOCAP due to his history of criminal offenses, including drug-related offenses and failure to respond to prior sanctions.

{¶13} As part of the conditions of community control, the court also ordered that

5

Stanaford not enter bars or similar establishments or consume non-prescribed medicines, marijuana, or alcohol. It also required him to submit to random urinalysis and undergo drug and alcohol evaluations. We find no error in these conditions. Stanaford was convicted of Aggravated Possession of Drugs. He had several past misdemeanor and felony drug convictions and admitted to consistent drug use. The State indicated a need to help Stanaford obtain "sobriety." These conditions related to his conduct and rehabilitation. Conditions requiring abstention from the use of drugs and alcohol, and accompanying requirements for testing, have been upheld where they are related to the criminal conduct. *See State v. Weimer*, 11th Dist. Trumbull No. 2004-T-0040, 2005-Ohio-2361, ¶ 48-49; *State v. Thomas*, 8th Dist. Cuyahoga No. 111116, 2022-Ohio-2682, ¶ 18-19.

{¶14} A further review of the record reveals no other meritorious issues for review, including the entry and acceptance of Stanaford's plea.

{¶15} The record indicates that the plea was voluntary, as the court inquired as to the voluntary nature of the plea and Stanaford's satisfaction with counsel. Further, the court complied with the requirements of Crim.R. 11 in accepting the plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29 ("The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea agreement.").

{¶16} Pursuant to Crim.R. 11(C)(2), when a defendant pleads guilty to a felony offense, the trial court must address the defendant personally and inform him of his constitutional and non-constitutional rights prior to accepting his plea. The court was required to inform the defendant of the effect of a guilty plea and that the court may

6

proceed to judgment and sentencing, which the court also did in compliance with Crim.R. 11(C)(2)(b). Further, the court was required to inform him of the waiver of the right to a jury trial, to confront witnesses, to summon witnesses, not to be compelled to testify, and to have the state prove his guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c). The transcript indicates the court advised Stanaford of each of these rights and he indicated his understanding of such rights. The court explained the charges and potential sentences faced by Stanaford, as required by Crim.R. 11(C)(2)(a), and, when he stated that he did not understand certain sentencing issues, the court explained this further until he indicated understanding. There is nothing in the record to indicate that the plea was not entered knowingly and voluntarily or without proper advisement of Stanaford's rights.

{¶17} Having thus duly conducted an independent review of the record, we conclude that the present appeal is wholly frivolous and there are no arguable issues necessitating the appointment of new counsel. Counsel's Motion to Withdraw is granted and the judgment of the Ashtabula County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

FREDERICK D. NELSON, J., Ret., Tenth Appellate District, sitting by assignment,

concur.

Case No. 2022-A-0052