[Cite as *State v. Wiley*, 2024-Ohio-5159.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0030 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JONATHAN W. WILEY, | |
| Defendant-Appellant. | Trial Court No. 2018 CR 00647 |

**O P I N I O N**

Decided: October 28, 2024
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Jonathan W. Wiley ("Mr. Wiley"), appeals the judgment of the Ashtabula County Court of Common Pleas that sentenced him to two years of community control following his guilty plea to one count of aggravated possession of drugs.

{¶2} Mr. Wiley's appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for review.

**{¶3}** After an independent review of the record pursuant to *Anders*, we find Mr. Wiley's appeal is frivolous. Thus, we grant appellate counsel's motion to withdraw and affirm the judgment of the Ashtabula County Court of Common Pleas.

### Substantive and Procedural History

**{¶4}** In October 2018, the Ashtabula County Court of Common Pleas Grand Jury indicted Mr. Wiley on three counts: aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a); possession of drug abuse instruments, a second-degree misdemeanor, in violation of R.C. 2925.12(A); and illegal use or possession of drug paraphernalia, a fourth-degree misdemeanor, in violation of R.C. 2925.14(C)(1) and (F)(1).

**{¶5}** In April 2019, at the arraignment hearing, Mr. Wiley entered a plea of not guilty.

**{¶6}** The following month, Mr. Wiley failed to appear for a pretrial hearing, and the court revoked his bond, issued a warrant for his arrest, and set the matter for a bond revocation hearing. Mr. Wiley failed to appear for the bond revocation hearing, and the trial court found Mr. Wiley's $5,000 bond was forfeited in favor of the State.

**{¶7}** Mr. Wiley was apprehended several years later, on January 17, 2024.

**{¶8}** On January 30, 2024, Mr. Wiley agreed to a plea deal offered by the State, and he pleaded guilty to count one, aggravated possession of drugs. In exchange, the State moved to dismiss counts two and three and recommended a sentence of community control.

**{¶9}** The State reported the basis for the charges, stating that "[o]n July 11th, 2018, [the Ashtabula County Sheriff's Office ("ACSO")] responded to a call of a shirtless

2

male yelling at traffic.  When [the ACSO] searched him, they found a small quantity of meth[amphetamine] on him."

**{¶10}** The trial court accepted Mr. Wiley's guilty plea and set the matter for a presentence investigation and a sentencing hearing.

**{¶11}** In early March 2024, a sentencing hearing was held.  Mr. Wiley's attorney informed the court that Mr. Wiley has not had a substance abuse issue since 2018 and that he faced financial difficulties.  His attorney requested he be released from custody and sentenced to community control with no inpatient treatment.  Mr. Wiley also asked the court for an outpatient treatment program, to which the court inquired into a 2021 drug conviction.  The trial court found recidivism likely and sentenced Mr. Wiley to two years of community control, including completion of NEOCAP (Northeast Ohio Community Alternative Program), a residential community-based corrections facility program.

**{¶12}** Mr. Wiley filed a notice of appeal.  His appellate counsel subsequently filed a brief pursuant to *Anders*, 386 U.S. 738, asserting there are no nonfrivolous issues for review, and a motion to withdraw.  Appellate counsel set forth one potential assignment of error:

**{¶13}** "Did the trial court err in imposing a residential sanctions on appellant, Jonathan Wiley, instead of non-residential community control sanctions?"

### Standard of Review

**{¶14}** In *Anders*, 386 U.S. 738, the Supreme Court of the United States held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw.  *Id.* at 744.  This request to withdraw must be accompanied by a brief citing anything in

3

the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and the request to withdraw, and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel. *Id.*

{¶15} This court issued a judgment entry granting Mr. Wiley 30 days to file his own submission if he so chose. Mr. Wiley did not file his own submission. Accordingly, we proceed to conduct an independent review of the record pursuant to *Anders*.

### Residential Community Control Sanctions

{¶16} As a potential error, appellate counsel contends the trial court may have erred by imposing a residential program, i.e., NEOCAP, as a condition of his community control.

{¶17} In hearing an appeal of felony sentences, the appellate court reviews the record and "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand . . . if it clearly and convincingly finds . . . [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶18} At the outset, we note that pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." As part of the plea negotiation, the State agreed to recommend a sentence of community control, which the trial court

4

imposed.  Mr. Wiley strongly opposed the NEOCAP program, preferring a nonresidential program.  Thus, we will review appellate counsel's potential error.

{¶19} In a strikingly similar *Anders* case, *State v. Stanaford*, 2022-Ohio-4462 (11th Dist.), we reviewed that "R.C. 2929.15(A)(1) provides that, '[i]f in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment . . ., the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code.'  R.C. 2929.16(A)(1) allows the court to impose 'community residential sanctions' which include 'a term of up to six months at a community-based correctional facility.'  Further, R.C. 2929.15(A)(1) provides that '[t]he court may impose any other conditions of release under a community control sanction that the court considers appropriate, including, but not limited to, requiring that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in division (D) of this section . . ..'

{¶20} "R.C. 2929.15(A)(1) 'vests the trial court with the discretion to impose any condition of community control conditions or requirements it deems appropriate. Courts have broad discretion when imposing conditions.'  *State v. Ryan*, [2021-Ohio-4059, ¶ 30 (11th Dist.)], citing *State v. Talty*, [2004-Ohio-4888, ¶ 10].  'The relevant inquiry to determine whether a court abused this discretion in imposing a condition is three-fold: (1) is the condition reasonably related to rehabilitating the offender, (2) does it have some relationship to the crime of which the offender was convicted, and (3) does it relate to conduct that is criminal or reasonably related to future criminality and serves the ends of probation.'  *Id.*"  *Stanaford* at ¶ 10-11.

5

{¶21} We determined that, "the court was permitted to order community control since there was no required prison term for the offense. As a condition of community control, it ordered [the appellant] to serve a term in NEOCAP, which is a community-based correctional facility. Such an order is permissible pursuant to R.C. 2929.15(A)(1) and 2929.16(A)(1). It is evident the court ordered [the appellant] to be placed in NEOCAP due to his history of criminal offenses, including drug-related offenses and failure to respond to prior sanctions.

{¶22} "As part of the conditions of community control, the court also ordered that [the appellant] not enter bars or similar establishments or consume non-prescribed medicines, marijuana, or alcohol. It also required him to submit to random urinalysis and undergo drug and alcohol evaluations. We find no error in these conditions. [The appellant] was convicted of Aggravated Possession of Drugs. He had several past misdemeanor and felony drug convictions and admitted to consistent drug use. The State indicated a need to help [the appellant] obtain 'sobriety.' These conditions related to his conduct and rehabilitation. Conditions requiring abstention from the use of drugs and alcohol, and accompanying requirements for testing, have been upheld where they are related to the criminal conduct. *See State v. Weimer*, [2005-Ohio-2361, ¶ 48-49 (11th Dist.)]; *State v. Thomas*, [2022-Ohio-2682, ¶ 18-19 (8th Dist.)]." *Stanaford*, 2022-Ohio-4462, at ¶ 12-13.

{¶23} Likewise in the instant matter, Mr. Wiley pleaded guilty to one count of aggravated possession of drugs. The trial court reviewed that the PSI documented a drug offense as recently as 2021, and that the NEOCAP program would "change [Mr. Wiley's] criminal thinking and to address any substance abuse problems." The court

6

Case No. 2024-A-0030

further found "recidivism appears likely." The other conditions of Mr. Wiley's community control included a prohibition from entering places where alcohol is served for consumption, and to abstain from using any alcohol or marijuana, vaping products, and/or drugs, including pseudoephedrine, unless prescribed by a doctor or dentist. By Mr. Wiley's admissions, he was addicted to drugs and alcohol, and although he represented to the trial court that he has been sober since 2018, his criminal history, which began in 2003, reflects otherwise. In addition, he absconded from this matter for several years.

{¶24} Thus, it appears the NEOCAP condition is reasonably related to rehabilitating Mr. Wiley, it has a direct relationship with the crime of which Mr. Wiley was convicted, i.e., aggravated possession of drugs, and it does relate to conduct that is criminal and/or reasonably related to future criminality and serves the ends of probation. *See Ryan*, 2021-Ohio-4059, at ¶ 30.

{¶25} Mr. Wiley's potential assignment of error is without merit.

{¶26} After an independent review of the record, we conclude the instant appeal is wholly frivolous. Appellate counsel's motion to withdraw is granted, and the judgment of the Ashtabula County Court of Common Pleas is affirmed.

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

7