[Cite as *State v. Turner*, 2026-Ohio-1504.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-A-0052 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| MAURICE D. TURNER, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00529 |

## OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Affirmed

*April R. Grabman,* Ashtabula County Prosecutor, and *Dane R. Hixon,* Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Tia N. Jackson*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Maurice D. Turner ("Turner"), appeals from the judgment of the Ashtabula County Court of Common Pleas, sentencing him to two years of community control sanctions upon his conviction for breaking and entering and aggravated possession of drugs, fifth-degree felonies. Specifically, Turner takes issue with the condition of his community control that he must successfully complete the Northeast Ohio Community Alternative Program ("NEOCAP").

{¶2} Upon review, we conclude that the trial court did not err or abuse its discretion when it ordered Turner to complete NEOCAP as a condition of his community

control. Turner's sentence was jointly recommended to the trial court. Defense counsel indicated prior to the pronouncement of sentence that Turner desired to pursue treatment. Neither Turner nor defense counsel objected to the trial court's imposition of the community control condition that he successfully complete NEOCAP. R.C. 2953.08(D)(1) precludes appellate review when a sentence that is authorized by law and jointly recommended by the parties is imposed by the sentencing court. It is uncontested that the parties jointly recommended a sentence of two years of community control and that the trial court imposed that jointly recommended sentence. It is also undisputed that sentence is authorized by law.

{¶3}    Accordingly, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

## Substantive and Procedural Facts

{¶4}    On November 7, 2024, the Ashtabula County Grand Jury returned a two-count indictment, charging Turner with breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13(A) and (C) ("Count 1"), and aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a). On June 6, 2025, Turner pleaded not guilty at arraignment. Bond was set a $5,000 cash or surety with the conditions that Turner (1) not have any contact with the alleged victim and (2) report to, and be supervised by, the Ashtabula County Adult Probation Department on pretrial release.

{¶5}    On July 28, 2025, Turner signed a written plea agreement and pleaded guilty to the charges as contained in the indictment. The written plea agreement contained

a jointly recommended sentence of community control. The State presented the following factual basis at the plea hearing:

> Your Honor, on September 17th of last year, 2024, Ashtabula Police were dispatched to 418 West Prospect Avenue . . . the residence of [J.L.], where the detective found two individuals crawling out of a window with items from the building. Mr. Turner had an additional bag of methamphetamine, and they had been carrying items from the building, including a guitar, electronics and clothing. The owner of the property was in the hospital at the time.

The trial court accepted Turner's plea and found Turner guilty of the offenses. The trial court ordered a presentence investigation ("PSI") and ordered that Turner be interviewed and evaluated by NEOCAP to determine if Turner needed any inpatient treatment. Neither Turner nor his counsel objected to the trial court's request.

{¶6} Sentencing was held on August 27, 2025. At the sentencing hearing, defense counsel indicated that Turner had "repeatedly expressed a desire" in getting treatment.  The trial court stated the following:

> I did review the presentence report and the Defendant's prior record.
>
> The Court has considered the purposes and principles of the sentencing statutes. The overriding purpose is to punish offenders and to protect the public from future crimes.
>
> The Court has looked at the recidivism factors and the seriousness factors. There was an agreement for community control with treatment. The Court finds that would not demean the seriousness of the offense and I'm hoping would adequately protect the public from future crimes.
>
> So, the Defendant will be placed on community control for two years. There is no fine. He will be required to attend and successfully complete the NEOCAP Program.

Case No. 2025-A-0052

In addition to completing NEOCAP, Turner was also advised of the following conditions of community control: (1) Turner shall abide by the laws of the State of Ohio and the United States; (2) Turner shall not leave the State of Ohio without permission of the court or his supervising officer; (3) Turner shall submit to unannounced urinalysis; (4) Turner is prohibited from entering bars, taverns, or establishments where alcohol is served for consumption; and (5) Turner shall not possess or consume any alcohol or marijuana or THC, any vaping device or product, or any drugs including pseudoephedrine products unless prescribed. Neither Turner nor defense counsel objected to the NEOCAP requirement, or any other condition of community control, at sentencing. Additionally, within the "Conditions of Supervision", signed by Turner, was an agreement to enter into and successfully complete the NEOCAP program, and to follow all recommendations upon release.

{¶7} Turner timely appeals from the entry on sentence.[1]

**The Appeal**

{¶8} Turner raises a single assignment of error for review: "[t]he trial court erred in imposing residential sanctions on defendant-appellant . . . as part of community control sanctions rather than utilizing the least restrictive sanctions available to accomplish the goals of community control sanctions and felony sentencing."

{¶9} The standard of review for felony sentences is governed by R.C. 2953.08(G)(2), which provides:

> The court hearing an appeal under division (A), (B), or (C) of
> this section shall review the record, including the findings

---

1. After Turner filed his notice of appeal, a technical violation of Turner's community control was filed on October 8, 2026. The grounds for the violation was that Turner was unsuccessfully terminated from the NEOCAP program. It appears from the public docket that his community control was terminated and Turner was sentenced to 11 months in jail.

Case No. 2025-A-0052

underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶10} However, R.C. 2953.08(D)(1) precludes appellate review when a sentence that is authorized by law and jointly recommended by the parties is imposed by the sentencing court. It is uncontested that the parties jointly recommended a sentence of two years of community control and that the trial court imposed that jointly recommended sentence. It is also undisputed that sentence is authorized by law.

{¶11} R.C. 2929.01(E) defines a community control sanction as "a sanction that is not a prison term and that is described in section 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code or a sanction that is not a jail term and that is described in section 2929.26, 2929.27, or 2929.28 of the Revised Code." "If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code." R.C. 2929.15(A)(1). A term of community control sanctions cannot exceed five years. *Id.*

{¶12} R.C. 2929.16(A) provides in relevant part:

> Except as provided in this division, the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section . . . Community residential sanctions include, but are not limited to, the following:
>
> (1) Except as otherwise provided in division (A)(6) of this section, a term of up to six months at a community-based correctional facility that serves the county[.]

The trial court imposed the jointly recommended sentence consisting of two years of community control which was within the guidelines of R.C. 2929.16(A). NEOCAP, a community-based correctional facility, was an available community residential sanction for the trial court. Turner did not oppose the trial court's request for a NEOCAP evaluation at his plea hearing and his plea agreement did not contain any reservation barring NEOCAP as a condition of community control. A term in NEOCAP is statutorily authorized as a condition of community control. R.C. 2929.16(A)(1). Moreover, neither Turner nor his counsel objected to the trial court's imposition of a community residential sanction as a condition of his community control at the sentencing hearing. Therefore, Turner's sentence is not subject to review pursuant to R.C. 2953.08(D)(1). *But see State v. Wiley*, 2024-Ohio-5159, ¶ 18 (11th Dist.) (concluding that R.C. 2953.08(D)(1) did not preclude review where the defendant "strongly opposed the NEOCAP program, preferring a nonresidential program").

{¶13} As Turner failed to object either at the plea hearing or at the sentencing hearing, we conclude that R.C. 2953.08(D)(1) precludes appellate review of the trial court's imposition of the jointly recommended sentence. Accordingly, Turner's sole assignment of error is without merit.

Case No. 2025-A-0052

## Conclusion

{¶14} For the reasons set forth above, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-A-0052

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0052